NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | |
| NUTRAQUEST, INC., | Civ. No. 06-202 (GEB) (Bankruptcy Reference Withdrawn) |
| Debtor. | United States Bankruptcy Court Chapter 11 Case No. 03-44147 (RTL) |
| BYRON MABRY, | |
| Plaintiff/Creditor, | Civ. No. 06-3841 (GEB) |
| GN OLDCO CORPORATION, F/K/A GENERAL NUTRITION CORPORATION, | **LETTER OPINION** |
| Defendant/Debtor. | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff/creditor Byron Mabry ("Plaintiff") for a motion for leave to file a late proof of claim. The Court has reviewed and fully considered the parties' submissions and has decided the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion for leave to file a late proof of claim is denied.

**I. BACKGROUND**

The Debtor filed for bankruptcy on October 16, 2003. On October 17, 2003 the Clerk of the Bankruptcy Court served notice upon parties of interest with a Notice of Commencement of Nutraquest's bankruptcy case and a Proof of Claim form. Plaintiff's firm, Aylstock, Witkin & Sasser, PLC ("Aylstock Firm"), was served with this notice which advised all parties that February 28, 2004 was the deadline for filing a proof of claim against the Debtor. On or about December 30,

2003, the Aylstock Firm filed seventeen proofs of claim against the Debtor on behalf of other clients.

The deadline was subsequently extended, and on July 13, 2004 this Court imposed August 24, 2004 as the new bar date for filing Proofs of Claim in the Debtor's bankruptcy case. The Debtor served the parties in interest, including the Aylstock Firm, and also published the bar date in *USA Today* (National Edition) and established a dedicated website for a 30-day period prior to the Claims Bar Date. On March 3, 2006, Plaintiff filed a Complaint against GN Oldco Corporation ("GN Oldco") in the United States District Court for the Northern District of Mississippi, alleging that he suffered a hemorrhagic stroke on January 27, 2001 as a result of using Xenadrine, a product manufactured by Nutraquest and sold by GN Oldco. On July 24, 2006, United States District Judge W. Allan Pepper, Jr. transferred the case to the District of New Jersey to be incorporated into In re Nutraquest pursuant to an indemnity agreement between GN Oldco and Debtor. Plaintiff now moves before this Court for leave to file a late proof of claim.

## II. DISCUSSION

### A. Standard for Filing a Late Proof of Claim

According to Fed. R. Bankr. 9006(b)(1), a court may permit a late filing of a proof of claim in Chapter 11 cases if the movant's failure to comply with an earlier deadline was the result of "excusable neglect." Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 389 (1993). Further, "[t]he burden of proving excusable neglect lies with the late-claimant." Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d Cir. 2000). When considering what constitutes excusable neglect, the Court in Pioneer concluded that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 506 U.S. 380 at 395. The determination includes consideration of "the danger of prejudice to the debtor, the length

of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

In the case at bar, Plaintiff does not provide this Court with circumstances constituting excusable neglect.  Plaintiff filed his claim nearly two years after the bar date and over five years after the alleged date of injury.  This considerable delay could have a significant impact on the bankruptcy proceedings, as the Reorganization Plan has been filed and the Plan Confirmation is scheduled for October 10, 2006.  Plaintiff seeks compensatory and punitive damages which could have a considerable effect on the personal injury valuations and funding.  This late proof of claim could also impact the confirmation proceedings, possibly further delaying the payment of the personal injury plaintiffs who filed their claims before the Court-imposed bar date.  Plaintiff does not provide this Court with a reason for the delay in filing this claim, despite Plaintiff's attorneys having notice of the bar date and having filed several previous claims on behalf of other plaintiffs before the bar date expired.  Because the Plaintiff has not met his burden of proving that the delay in filing his proof of claim was caused by excusable neglect, Plaintiff's motion for leave to file a late proof of claim is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a late proof of claim is denied. An appropriate form of order accompanies this Letter Opinion.

Dated: October 6, 2006

     s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J